UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 3:07-CR-44 |
| LUIS ERASMO ROSALES RAMIREZ, ) | (Phillips / Shirley) |
| ALFRED ALLEN ARREOLA, ) | |
| LUKE A. MCLAUGHLIN, ) | |
| MATTHEW DAVID SUGAMELI, ) | |
| DANIEL RAMSEY, ) | |
| DEBORAH NOMMENSON, ) | |
| DARRELL WAYNE LUCK, and ) | |
| SCOTT EDWARD WILLYARD, ) | |
| also known as ROCKY ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court for arraignment on a superseding indictment filed July 18, 2007, [Doc. 63]. Luis Erasmo Rosales Ramirez was present with his attorney, Michael Meyrick. Alfred Allen Arreola was present with his attorney, Aubrey Davis. Luke A. McLaughlin, was present with his attorney, Stephen A. Burroughs. Matthew David Sugameli was present with his attorney, Charles C. Burks, Jr. Daniel Ramsey was present with his attorney, Douglas A. Trant. Attorney Bryan E. Delius was present on behalf of Deborah Nommenson. Darrell Wayne Luck was present with attorney Norman McKellar, appearing in the stead of Mr. Luck's counsel of record, Andrew S. Roskind and Peter J. Strianse. Scott Edward Willyard was

present with his attorney, Robert L. Vogel. Assistant United States Attorney Hugh B. Ward, Jr. was present representing the United States.

After conducting the arraignment, the Court heard argument on the following motions:

(1) First Motion to Continue Trial Date [Doc. 65], filed by Defendant Ramirez;

(2) Motion for Leave to File Additional Motions, filed by Defendant Nommenson [Doc. 47];

(3) Motion to Extend Time and Continue Dates, filed by Defendant Willyard [Doc. 43];

(4) Motion for Extension of Time to File Motions, filed by Defendant Willard [Doc. 72]; and

(5) Motion to Adopt Co-Defendant's Motions, filed by Defendant Sugameli [Doc. 71].

The Court first took up Defendant Willyard's Motion to Extend Time and Continue Dates [Doc. 43], and Motion for Extension of Time to File Motions [Doc. 72]. In support of his motions, Attorney Vogel cited the fact that Defendant Willyard made his initial appearance on this case about one month ago. Attorney Vogel told the Court that several CDs have been provided in discovery along with other material which he and his client continue to review. There is also additional discovery indicated by the government, but not yet received. Attorney Vogel stated that Mr. Willyard was indicted by a federal grand jury in Arkansas for criminal conduct alleged to have formed part of the basis of the conspiracy charged in this indictment. Attorney Vogel told the Court that he is pursuing material from that case, having been unsuccessful contacting the Arkansas defense lawyer to date. Attorney Vogel expressed his opinion that further information about the Arkansas events may well give rise to a motion to suppress in this case relating to an auto stop. Attorney Vogel stated that he could not complete his investigation, discovery review, prepare and

pursue appropriate motions and also prepare for trial before the trial date set for August 18, 2007. For these reasons, Attorney Vogel requested a continuance of the trial date.

The Court next heard Defendant Luis Erasmo Rosales Ramirez' First Motion to Continue Trial Date [Doc. 65]. Attorney Michael Meyrick told the Court that his factual investigation extends to other jurisdictions, to include Arizona. Attorney Meyrick stated that although he has been conducting his factual investigation with all diligence, it will not be complete before the trial date as currently scheduled. Attorney Meyrick drew the Court's attention to the fact that, although the superseding indictment does not contain substantive additions to the original conspiracy alleged, it does add conduct that would effect Mr. Ramirez' sentencing if he were convicted. By way of example, Attorney Meyrick stated that the superseding indictment includes firearms found at other houses attributed to Defendant Ramirez. This change will require further investigation and preparation by Mr. Ramirez' defense. Attorney Meyrick asked the Court to allow 45 days from the hearing date for filing of pretrial motions.

Attorney Charles Burks argued in favor of trial continuance on behalf of his client, Defendant Matthew Sugameli. Attorney Burks has asked for leave to joint the motions to continue filed by Mr. Ramirez and Mr. Willyard, [Doc. 71], and adopted their arguments at the hearing. Attorney Burks stated that his client was arraigned on these charges only some 15 days ago on July 16, 2007. If the trial were conducted on the originally scheduled trial date, this would allow Defendant Sugameli barely 30 days in which to prepare his defense. Attorney Burks argued that this simply could not be accomplished. Attorney Burks made an oral motion to declare this case unusual and complex for purposes of the Speedy Trial Act, 18 U.S.C. § 3161. Attorney Burks cited the number of defendants and the volume of discovery.

Defendant Daniel Ramsey objected to a continuance of the trial. Attorney Douglas Trant asserted his client's right to a speedy trial, as provided in the Speedy Trial Act 18 U.S.C. § 3161, and asked the Court to maintain a trial date within 70 days of Mr. Ramsey's initial appearance on these charges. Attorney Trant argued that the superseding indictment presented no substantive changes in the alleged conspiracy, only the addition of property subject to forfeiture. Attorney Trant stated that this case is not unusual and complex as it relates to Mr. Ramsey and he would like to proceed to trial on August 18, 2007. Attorney Trant confirmed that no motion for severance has been filed, but made an oral motion to sever as a remedy if necessary to allow Mr. Ramsey to proceed to trial as scheduled.

Defendant Alfred Arreola joined Defendant Ramsey's opposition to a trial continuance. Attorney Aubrey Davis adopted the arguments posited by Attorney Trant. Attorney Davis stated that, while the discovery material is voluminous, little of it applies to Mr. Arreola. Attorney Davis asserted that Mr. Arreola would like to proceed to trial on August 18, 2007, as scheduled within the time provided in the Speedy Trial Act.

The government did not oppose the motions for continuance of the trial date and extension of motion deadlines. AUSA Hugh Ward described the quantity of discovery materials as significant and agreed with the arguments set forth by counsel for defendants Willyard, Ramirez and Sugameli. AUSA Ward informed the Court that these materials include recordings of conversations had over the course of three - four months of wiretap monitoring by law enforcement. AUSA Ward asserted that while all these recordings may not directly relate to some defendants, many recordings implicate multiple defendants, taken in the context of the alleged conspiracy. AUSA Ward stated that he would address the concerns of missing discovery materials immediately, adding that some material

listed in his cover letters may have been inadvertently left out of the packets provided to some defense counsel.

Defendants Deborah Nommenson, Luke McLaughlin and Darrell Luck took no position on the issue of trial continuance. Ms Nommenson has asked for additional time to file pretrial motions [Doc. 47].

The Court considered the arguments of counsel in light of the factors set forth in the Speedy Trial Act 18 U.S.C. § 3161. First, the Court finds this case falls within the description set forth at § 3161(h)(8)(B)(ii): it is so complex due to the number of defendants, the geographic range of the alleged events, Mr. Willyard's overlapping Arkansas prosecution, the wiretap recordings and the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. The Court observes that out of eight defendants in this case only Defendant Nommenson has filed substantive pretrial motions by the original motions deadline. No defendant contests the description of the discovery material as extensive and lengthy. No defendant has indicated that he or she had actually completed review of the discovery material, a threshold to preparation of an adequate defense, in the opinion of the Court. The Court finds that failure to grant a continuance in light of the discovery alone would constitute a miscarriage of justice. The Court finds the defendants require time to review the discovery, to conduct investigation of any factual and legal defenses, to assess the necessity of pretrial motions, and to prepare for hearings of those motions before the Court. The Court finds it would be unreasonable to expect the parties to prepare adequately for pretrial matters or for trial within the time limits established by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(B)(ii). The Court declares this case to be unusual and complex for purposes of the

5

Speedy Trial Act due to the nature of the prosecution and the voluminous discovery involved.

Second, the Court finds that, although not unanimous, the request for a continuance of the August 18, 2007, trial date is well-taken and that the ends of justice served by granting the motion outweigh the best interest of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court finds that the parties have not had enough time to review the discovery and prepare any appropriate pretrial motions and that this fact alone necessitates a continuance. The Court finds that failure to grant a continuance would deprive some defendants of the ability to pursue issues which may be identified with proper preparation. Attorney Vogel has already stated that his early investigation suggests the need to file a motion to suppress. If further pretrial motions are, in fact, filed, the parties will need time to prepare for a hearing, time for the hearing to be conducted and the Court will then need time to adequately review the motions and to issue an Order or a Report and Recommendation to the District Court. After such ruling, either party will have 10 days to register an objection with the District Court. Should such an objection be made, the District Court will require a meaningful period of time to review the record and the issues presented. The Court further observes that all this could not be accomplished before the trial date of August 18, 2007. The Court finds this to be true, even absent the superseding indictment.

As to those defendants who object to a trial continuance, the Court additionally finds that a reasonable period of delay as to those defendants who are joined for trial with co-defendants for whom a continuance is necessary is fully excludable under the Speedy Trial Act. 18 U.S.C. § 3161 (h)(7). The Court observes that no motion for severance was made by any party.

The Court finds that the time between the date of the hearing, July 31, 2007, and the new date of the trial is properly excludable from the operation of the Speedy Trial Act and that the need for resolution of the suppression issues outweighs the interests of the defendants and the public in a speedy trial.

The Court agrees with the moving defendants and the government that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). Given the approaching August 18, 2007, trial date, the Court finds that the failure to grant a continuance would deprive the defendants of the time to review discovery material and to pursue any pretrial motions before this Court. See 18 U.S.C. § 3161(h)(1)(F) and (J). Following any ruling thereon, the parties need time to file any objections and the District Court will need time to rule upon any conclusions of this Court and objections. Finally, the parties will need time to prepare for trial in light of the ruling on pretrial issues. The Court finds that all of this could not take place before the August 18, 2007, trial date or in less than four months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, the motions to continue the trial date, the motions for extension of time in which to file pretrial motions and the oral motion to designate this case as complex are granted. The parties have agreed on a new trial date of December 17, 2007. Earlier dates were considered, but at least one attorney could not be present on each of those dates, having previously scheduled trials. The Court found that to set an earlier trial date would deprive some defendants of continuity of counsel, a consideration set forth at 18 U.S.C. §3161 (h)(8)(B)(iv).

The Court states for the benefit of all parties that any motions to adopt any other party's filings should comport with the following standards: the motion to adopt must state specifically which motion is to be adopted, that counsel has read the subject motion and that it applies to the adopting defendant. Motions to adopt that do not meet these standards of specificity or which do not give a basis for the adoption will be denied. Motions which seek to generally adopt all the motions filed by another defendant will be denied. While this reflects the better practice generally, it is of increased importance in a case with several defendants.

It is ORDERED:

(1) First Motion to Continue Trial Date **[Doc. 65]** is **GRANTED**;

(2) Motion for Leave to File Additional Motions **[Doc. 47]** is **GRANTED**;

(3) Motion to Extend Time and Continue Dates **[Doc. 43]** is **GRANTED**;

(4) Motion for Extension of Time to File Motions **[Doc. 72]** is **GRANTED**;

(5) Motion to Adopt Co-Defendant's Motions **[Doc. 71]** is **GRANTED**;

(6) oral motion to designate this case complex for purposes of the Speedy Trial Act is **GRANTED**;

(7) The deadline for pretrial motions is **September 14, 2007**;

(10) Responses to motions are due **October 5, 2007**;

(11) Pretrial motions will be heard before this Court on **October 15, 2007, beginning at 10:30 a.m.**;

(12) A pretrial conference is set for **November 2, 2007, at 9:30 a.m.**, before this Court; and

(13) The trial is reset to commence at **9:00 a.m., on December 17, 2007,** before the Honorable Thomas W. Phillips, United States District Judge.

The Court finds that all the time between the July 31, 2007, hearing and the new trial date of December 17, 2007, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (h)(1)(J), (h)(7) and (h)(8)(A)-(B).

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge