UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:07-CR-44 |
| V. | ) | (Phillips / Shirley) |
| | ) | |
| LUIS ERASMO ROSALES RAMIREZ, | ) | |
| ALFRED ALLEN ARREOLA, | ) | |
| LUKE A. MCLAUGHLIN, | ) | |
| MATTHEW DAVID SUGAMELI, | ) | |
| DANIEL RAMSEY, | ) | |
| DEBORAH NOMMENSON, | ) | |
| DARRELL WAYNE LUCK, | ) | |
| SCOTT EDWARD WILLYARD, | ) | |
| also known as ROCKY | ) | |
| MICHELLE CHAVEZ, | ) | |
| MARTINIA REYNA GARCIA, and | ) | |
| JOSEFINA ALVAREZ VALENZUELA | ) | |
| | ) | |
| Defendants. | ) | |


**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.

§ 636(b) for disposition or report and recommendation regarding disposition by the District Court

as may be appropriate. This case came before the Court for a Motion Hearing on October 15, 2007.

Assistant United States Attorney Hugh Ward ("AUSA Ward") appeared on behalf of the

government. Attorney Joseph Saint-Veltri ("Attorney Saint-Veltri") appeared on behalf of

Defendant Ramirez. Attorney Aubrey Davis ("Attorney Davis") appeared on behalf of Defendant

Arreola. Attorney Stephen Burroughs ("Attorney Burroughs") appeared on behalf of Defendant

McLaughlin.  Attorney Charles Burkes ("Attorney Burkes") appeared on behalf of Defendant Sugameli.  Attorney Robert Vogel ("Attorney Vogel") appeared on behalf of Defendant Willyard. Defendants Ramirez, Arreola, Sugameli, McLaughlin, and Willyard were also present.

## I.    ANALYSIS

The Court will endeavor to address the pending pretrial  motions largely in the order in which they were taken up at the Motion Hearing on October 15, 2007, although three preliminary matters must logically be addressed at the outset.

First, the Court notes that Defendant Sugameli filed two motions asking for leave to file additional motions  after the previously established deadline.  At the hearing, the Court orally granted Defendant Sugameli's motions to file the motions after the deadline.  Thus, Defendant Sugameli's Motion for Leave to File Motion for Notice of Government's Intention to Use Evidence **[Doc. 152]** and Motion for Leave for File Additional Motions **[Doc. 156]** are **GRANTED**.

Second, four motions have been filed requesting leave to adopt the filings of certain co-defendants.  [Doc.  98], [Doc. 103], [Doc. 156], and [Doc. 106].  Defendant Ramirez moves the Court [Doc. 98] for permission to adopt certain specified motions of Defendant Nommenson [Docs. 83 and 49].  Defendant Sugameli moves the Court [Docs. 103 and 156] for permission to adopt certain motions of Defendant Nommenson [Docs. 83, 127, 128, and 129] and Defendant Willyard [Docs. 91, 92, 93, 94, 100, and 102].  Defendant Willyard moves this Court [Doc. 106] for permission to adopt certain specified motions of Defendant Nommenson [Docs. 45, 46, 49, 83, 102].

To the extent the issues raised in the underlying motions may be applicable to those requesting leave to adopt, the above motions are granted.  All parties are advised that rulings of the Court on adopted motions are applicable as well to the adopting party, whether or not his name

appears separately in the written order addressing that motion. If the Court reaches a conclusion as to the adopting party that is different than for the original filer, the same will be clearly specified. Defendant Ramirez's Motion to Adopt Co-Defendant's Motions, **[Doc. 98]**, Defendant Sugameli's Motions to Adopt Co-Defendants' Motions **[Docs. 103 and 156]**, and Defendant Willyard's Motion to Adopt Co-Defendants' Motions **[Doc. 106]** are **GRANTED**.

Third, subsequent to the October 15, 2007 motion hearing, counsel for Defendant Nommenson orally advised the Court that Ms. Nommenson wished to withdraw all pending motions. Thus, Ms. Nommenson's motions are denied as moot as applicable to her. In the case her motions have been adopted by co-defendants, the Court will address those motions as argued by co-defendants.

### 1. MOTION FOR RULE 10(b) WAIVER OF APPEARANCE

Defendant Nommenson requests this Court for a waiver of appearance as it relates to the Superseding Indictment filed on July 18, 2007 [Doc. 82]. As stated above, Defendant Nommenson withdraw her pending motions. Accordingly, Defendant Nommenson's Motion for Rule 10(b) Waiver of Appearance **[Doc. 82]** is **DENIED AS MOOT**.

### 2. REQUEST FOR EXCULPATORY EVIDENCE

Defendant Nommenson filed this Motion [Doc. 127] formally requesting any evidence within the possession, custody, or control of the government that is favorable to or exculpates her in any way. Defendant acknowledges this request for information is covered by the Court's Order on Discovery and Scheduling and does not ask the Court for further action. However, Defendant filed the motion in light of the Supreme Court's ruling in United States v. Bagley, 473 U.S. 667 (1985), which makes apparent that Brady requests are favored. Defendant Nommenson's Request for

Disclosure of Exculpatory Evidence **[Doc. 127]** is **DENIED AS MOOT.**

Defendant Willyard makes a general request for all information and material known to the government or in the possession of the government which may be described as exculpatory or favorable to his defense, including any information that may be used for the impeachment of government witnesses called to testify at trial [Doc. 94].

The government, in response, contends that "so long as the Defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial, we fail to see how the constitution is violated." United States v. Presser, 844 F.2d 1275 (6th Cir. 1988). The government further argues that the Sixth Circuit has stated that Brady does not create a constitutional right to discovery in a criminal case.

The information sought has largely been previously addressed in the Court's Order on Discovery and Scheduling [Doc. 11]. As to Mr. Willyard's request for the criminal records of government witnesses, see Order on Discovery and Scheduling [Doc. 11] at ¶ F. As to material to be used in impeachment of government witnesses, the Court's Order on Discovery and Scheduling [Doc. 11] at paragraph E provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1965), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 6676 (1985) (impeachment evidence).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady. Should Mr. Willyard become aware of specific material that may be subject to this provision, he may make a specific Brady request of the government, then bring the matter to the

attention of the Court if necessary. The document also includes a request for specific items allegedly recovered from Mr. Willyard when he was arrested in Lonoke, Arkansas on January 27, 2006, including log books and a laptop computer. This information is more fully covered by Mr. Willyard's First Demand for Supplemental Discovery [Doc. 81], accordingly it is addressed below. Accordingly, Defendant Willyard's Request for Disclosure of Exculpatory Evidence **[Doc. 94]** is **DENIED**.

### 3. PRETRIAL DISCLOSURE OF RULE 404(b) EVIDENCE [DOC. 45]

Rule 404(b) provides that upon Defendant's request, the government, "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed.R.Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 11] at paragraph I states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. Defendant has not shown such time to be unreasonable nor good cause for an earlier disclosure requirement. Accordingly, Defendant Willyard's Motion for Notice and Disclosure of Rule 404(b) Evidence the United States seeks to introduce at Trial **[Doc. 45]** is **DENIED**.

#### 4. MOTION FOR PRETRIAL NOTICE OF GOVERNMENT'S INTENT TO USE EVIDENCE [DOCS. 49 AND 152]

Defendants Nommenson [Doc. 49] and Sugameli [Doc. 152] move this Court to compel the government to comply with Fed. R. Crim. P 12(b)(4)(B) and to provide written notice of all the evidence they may be entitled to discover pursuant to Fed. R. Crim. P. 16, that the government intends to use during its case-in-chief at trial, and all Jencks Act statements and material from witnesses. Defendant Nommenson's motion was adopted by co-defendants Ramirez and Willyard.

The government, in response, argues that the scope of Fed. R. Crim. P 12(b)(4)(B) is limited and only requires the government give notice to the Defendant of its intent to use certain evidence. The government contends the rule limits disclosure to evidence the government intends to use in its case-in-chief and that the rule is intended to facilitate the making of pretrial suppression motions. The government argues it has complied with the rule in that it has provided the information necessary to allow any pretrial motions to be made.

Rule 12(b)(4)(B) requires the government, upon request of a defendant, to give notice to the Defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the Defendant would be entitled to discover under Rule 16, Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir. 1978). Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the Defendant to avoid filing a motion to

suppress when the government does not intend to use the evidence.

Based upon the government's representation, and absent any showing to the contrary, that it has complied with the requirements of the Rule by providing defense counsel with the required information and will continue to comply with its discovery obligations, Defendants' Motion for Pretrial Disclosure of Government's Intent to Use Evidence **[Docs. 49 and 152]** are **DENIED**.

### 5. MOTIONS TO SEVER [DOCS. 92, 99, AND 104]

Defendants Ramirez [Doc. 99], Sugameli [Doc. 104], and Willyard [Doc. 92] move the Court, pursuant to Fed. R. Crim. P 14, to sever their trials. Defendant Ramirez contends that the only link between him and the other defendants is a "tenuous allegation" by a non-defendant that he served as a source of supply for the marijuana sent to the Eastern District of Tennessee and that most of the evidence the government would introduce in a joint trial would not be admissible in a separate trial in which he is the only defendant, resulting in undue prejudice that could not be cured by a limiting instruction [Doc. 99]. Defendant Sugameli contends a severance is proper because the indictment simply alleges violations of a conspiracy to distribute drugs in the Eastern District of Tennessee and does not set forth any information that alleges overt acts that he had any involvement in with any of the co-defendants listed in the indictment [Doc. 104]. Defendant Sugameli further contends that the discovery provided by government does not reveal any connection between him and the other indicted defendants [Doc. 104]. Defendant Willyard moves this Court to sever his trial on the grounds that failure to sever will result in substantial, undue, or compelling prejudice. [Doc. 92]. Defendant contends one trial will result in the admission of otherwise inadmissible evidence and deny him the right to confront witnesses offered by the government who will testify against him. Defendant further requests an *in camera* inspection of any statements allegedly made by Defendant

that the government intends to use against him at trial.

The government, in response, argues that severance is inappropriate in this case because the Court can issue a limiting instruction on the issue of possible prejudice resulting from joinder. The government argues that prejudicial joinder is particularly unlikely in this case because it would not be difficult for the jury to compartmentalize and distinguish the evidence concerning the different offenses charged. The government, further contends that Willyard's motion fails to make a showing for severance beyond formalistic complaints of possible prejudice. As to Willyard's *in camera* inspection request for any statements allegedly made by Willyard that the government intends to use at trial, the government argues that Willyard incorrectly suggests that Rule 14(b) requires such a procedure.

Assuming proper joinder in the indictment, it is well-settled that absent a serious risk of compromise to a specific trial right, individuals indicted together should be tried together. United States v. Davis, 170 F.3d 617, 621 (6th Cir. 1999). Initially, the Court notes that Defendants do not contend that joinder in this case is improper under Rule 8 of the Federal Rules of Criminal Procedure. Rather, Defendants contend that joinder is so prejudicial that severance should be ordered pursuant to Rule 14 of the Federal Rules of Criminal Procedure.

In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with Defendants' interest in a fair trial. United States v. Wirsing, 719 F.2d 859, 864-65 (6th Cir. 1983). No right to severance arises because the evidence against one defendant is "far more damaging" than the evidence against another defendant, United States v. Causey, 834 F.2d 1277, 1288 (6th Cir. 1987), or merely because the likelihood of acquittal would be greater is severance were granted. United States v. DeFranco, 30 F.3d 664, 669 (6th Cir. 1994).

To the contrary, it is well-established that to be entitled to a severance, a defendant must show "substantial," "undue," or "compelling" prejudice. United States v. Lopez, 309 F.3d 966, 971 (6th Cir. 2002) (defendant failed to demonstrate "substantial," "undue," or "compelling" prejudice due to spillover evidence against co-conspirator).

After considering the arguments presented for and against severance, the Court finds that Defendants have not made the showing of substantial, undue, or compelling prejudice necessary to support his motion to sever. Accordingly, Defendant Ramirez's, Sugameli's, and Willyard's Motions [Docs. 99, 104, and 92] are **DENIED**.

## 6. DISCOVERY RELATED MOTIONS

Defendant Nommenson, citing Rovairo v. United States, 353 U.S. 53 (1957), moves the Court to order the government to inform defense counsel in writing of the identities and addresses of all persons known to the government to have been present at the times and places of the offenses alleged in the indictment [Doc. 46]. The government opposes Defendant's motion, arguing that Defendant is not entitled to this information [Doc. 141]. In light of Defendant Nommenson advising the Court she has withdrawn her motions, her Motion for Disclosure of Material Witnesses **[Doc. 46]** is **DENIED AS MOOT**.

Defendant Willyard moves the Court to order the government to produce a laundry list of certain items in his First Demand for Supplemental Discovery [Doc. 81], Motion to Compel Discovery of Related Indictments and Warrants [Doc. 95], Motion for Disclosure of Grand Jury Transcripts [Doc. 110], Demand for Disclosure of Expert Witness Testimony [Doc. 117], and Motion for Order to Compel Compliance with Discovery Requests [Doc. 118]. Each motion will be discussed in turn.

### A.        *First Demand for Supplemental Discovery [Doc. 81]*

Defendant's First Demand for Supplemental Discovery [Doc. 81] requests lists of names and telephone numbers stored in cell phones seized by law enforcement on the day he was arrested; copies of forms signed when arrested; copies of police reports generated on the day of his arrest; copies of any audio or video made during the search and interview of Defendant; any relevant photographs; and copies of log books and any other items seized from Defendant on the day of his arrest.  The government responds that it has provided the information sought to the extent it is required to do so and invited counsel for Defendant to contact DEA Special Agent Dave Lewis to view all the materials not listed in the discovery provided by the government [Doc. 144].  At the motion hearing on October 15, counsel for Defendant Willyard advised the Court that he had one meeting with Agent Lewis which was "very adversarial" and has not had the chance to go to meet with him again, but had not tried to do so.

To the extent that the parties may resolve issues related to this information among themselves, all counsel are encouraged to resolve this issue without intervention of the Court.  Thus the Court encourages Attorney Vogel to contact Agent Lewis to set up a time to view these requested materials.  However, should a dispute continue and/or should counsel for Defendant Willyard be unable to view the requested information seized from him, counsel for Defendant is invited to seek judicial relief at the appropriate time.  Accordingly, Defendant Willyard's First Demand for Supplemental Discovery **[Doc. 81]** is **DENIED at this time**.

### B.      *Motion to Compel Discovery of Related Indictments and Warrants [Doc. 95]*

Defendant Willyard moves the Court to order the government to produce copies of any related indictments and all search warrants related to, or that pertain to, a part of the conspiracy changed in the indictment [Doc. 95]. The government, in response, argues Defendant's attorney has received several items of discovery and other documents, including early Jencks Act material as set forth and documented in correspondence dated July 20, 2007 and Notice of Discovery [Doc. 80 & 138]. The government contends these materials specifically direct him to the Court record of several other cases, copies of search warrants and affidavits, as well as notification of all plea agreements filed on the record. At the motion hearing on October 15, counsel for Defendant Willyard advised the Court this discovery request has been resolved. Accordingly, Defendant's Motion to Compel Discovery of Related Indictments and Warrants **[Doc. 95]** is **DENIED AS MOOT**.

### C.      *Motion for Disclosure of Grand Jury Transcripts [Doc. 110]*

Defendant Willyard moves the Court for an Order directing the government to produce the transcripts of the testimony given by every witness before the grand jury in this case, including, but not limited to, testimony concerning the precise nature of any statements attributed to the Defendant. For grounds, Defendant states that he has a particularized need for such transcripts, as the government intends to rely heavily upon the testimony of unindicted co-conspirators at trial. The Defendant argues that there is no compelling need for secrecy in the contents of the grand jury testimony, and that the transcripts are discoverable pursuant to Fed.R.Crim.P. 16(a)(1)(B) [Doc. 110].

The government, in response, argues there is no requirement in 18 U.S.C. § 3500 or Fed.R.Crim.P. 26.2 to provide relevant pertinent statements of a witness or possible witness early

[Doc. 145].  The government advises it will provide the material in accordance with statutory requirements in a manner which will not inhibit the progress of the particular proceeding to which these materials must be produced.

Normally, grand jury proceedings are to remain secret.  See Fed.R.Crim.P 6(e)(2).  "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structure to cover only material so needed."  Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979).  In the present case, the Court finds the Defendant has not made a showing that the grand jury transcripts are needed to avoid possible injustice in this case.  Moreover, the Court finds that the Defendant is not entitled to pretrial disclosure of these transcripts under the Jencks Act, 18 U.S.C. § 3500 or Rule 26 of the Federal Rules of Criminal Procedure.  However, the government is reminded of the Court's Order on Discovery and Scheduling regarding early disclosure of Jencks Act materials.  Thus, Defendant's Motion for Disclosure of Grand Jury Transcripts **[Doc. 110]** is **DENIED**.

### D. *Demand for Disclosure of Expert Witness Testimony [Doc. 117]*

Defendant Willyard requests the government provide a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief.  Defendant requests the summary include the witness's opinion, the bases and reasons for those opinions, and the witness's qualifications.  Defendant contends this information should be provided by the government's deadline for filings its responses.

The government, in response, argues it will comply with the disclosure requirements of possible expert witnesses in conformance with the Court's Order on Discovery & Scheduling [Doc.

145].

Federal Rule of Criminal Procedure 16(a)(1)(G) [Expert Witness] states "At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief." Furthermore, the Court's Order on Discovery and Scheduling [Doc. 11, ¶ A(3)] instructs the government to turn over to the Defendant:

> Results or reports of physical or mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, and, as soon as possible but at least three weeks before trial, unless the Court orders otherwise.

(emphasis added).

To the extent that Defendant argues that he is entitled in discovery to a written summary of any expert testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief, the Court agrees. Moreover, the Court believes that such evidence should be produced at the earliest opportunity so as to assist the defense in preparing and/or filing motions for a *Daubert-Kumho Tire* hearing on the admissibility of that testimony. Nonetheless, the Court finds that it has already ordered the government to turn over the discovery materials which the Defendant seeks in his motion in its Order on Discovery and Scheduling [Doc. 11], which requires the government to provide to Defendant at least three weeks prior to trial any evidence discoverable under Rule 16(a)(1)(G). The present case is set for trial before District Court Judge Thomas Phillips on December 17, 2007. To the extent Defendant seeks earlier disclosure of discovery under Rule 16(a)(G), the Court finds no reason to disturb the time frame provided in the

Order on Discovery and Scheduling. However, the government is also reminded that the Order provides for disclosure "as soon as possible," absent unavailability or other good cause there should be no reason to wait until the three week deadline for disclosure. Accordingly, Defendant's Demand for Disclosure of Expert Witness Testimony **[Doc. 117]** is **DENIED**.

### E.    *Motion for Order to Compel Compliance with Discovery Requests [Doc. 118]*

Defendant Willyard requests this Court order the government to comply with his requests for disclosure of discovery materials and exculpatory materials, pursuant to F.R.Crim.P. 16(d)(2). Defendant contends he has made discovery requests for materials in the government's custody/control, these items are necessary to prepare his defense, and the items have yet to be provided by the government [Doc. 118].

The government, in response, argues that the discovery requests have been previously forwarded and disclosed to the Defendant [Doc. 145].

At the October 15 hearing certain specific discovery requests were discussed and in response, AUSA Ward advised the Court he would look into the location of Defendant Willyard's vehicle and advise Attorney Vogel of its location for examination. Further, AUSA Ward advised the Court the DEA-6 phone records have been available since January 2006. Finally, AUSA Ward advised the Court he has no knowledge of a laptop computer being recovered from on the day of Willyard's arrest, but would look into the matter and advise counsel for Defendant Willyard.

To the extent that the parties may resolve issues related to this information among themselves, all counsel are encouraged to resolve this issue without intervention of the Court. Should a dispute continue and if counsel for Defendant Willyard is unable to view the requested information, to the extent it is in the possession of the government, Attorney Vogel is invited to seek

judicial relief at the appropriate time. Accordingly, Defendant Willyard's Motion for Order to Compel Compliance with Discovery Requests **[Doc. 118]** is **DENIED at this time**.

### 7. MOTION FOR A BILL OF PARTICULARS [Docs. 78, 79, 83, and 91]

Defendant Willyard filed a Motion for Leave to File Motion for Bill of Particulars [Doc. 90]. Defendant's Motion for Leave to File Motion for Bill of Particulars **[Doc. 90]** is **GRANTED**.

Defendants Sugameli [Doc. 78], Arreola [Doc. 79], Nommenson [Doc. 83], and Willyard [Doc. 91] move for a bill of particulars with regards to Counts One and Two of the Second Superseding Indictment. Defendants Ramirez, Sugameli, and Willyard adopted Defendant Nommenson's Motion [Doc. 83]. Thus, the Court will address the Motion as it pertains to those Defendants which adopted it.

Defendants argue that Counts One and Two, which allege a conspiracy lasting eleven years, contains insufficient facts to permit them to properly prepare a defense to the offenses contained therein and that the indictment is unduly vague. Defendants Sugameli [Doc. 78] and Defendant Arreola [Doc. 79] seek the following particulars regarding Counts One and Two:

1. List of persons with whom Defendants acted in concert during the course of the alleged conspiracy;

2. The role of Defendants in the alleged conspiracy;

3. The date Defendants alleged to have entered into the conspiracy and the date he left the conspiracy, if any;

4. The dollar amount Defendants allegedly received from his activities and the date such proceeds were received;

5. The amount of marijuana Defendants is alleged to have conspired to distribute;

6. Any overt acts which the government intends to offer as evidence at trial.

Defendants Nommenson, Ramirez, Sugameli, and Willyard [Doc.83] seek the following

particulars regarding Counts One and Two:

1. The exact dates regarding any alleged overt acts in furtherance of the conspiracy;

2. The exact time of the alleged overt acts in furtherance of the conspiracy;

3. The exact place where the alleged overt acts allegedly occurred;

4. The name/names of any persons witnessing the alleged acts;

5. When Defendant is alleged to have entered the conspiracy and how long she remained in the conspiracy;

6. The identity of any witnesses;

7. The identity of any co-conspirators whom Defendant is alleged to have interacted with;

8. The nature of the alleged relationship between Defendant and any of the nine parcels of real property, 24 firearms, night goggles or the cash proceeds described in the forfeiture section of Count One and any of the real/personal property described in the forfeiture section of Count Two.

Defendant Willyard [Doc. 91] seeks the following particulars regarding Counts One and Two:

1. When Defendant entered into the conspiracy and how long he remained in the conspiracy;

2. Role Defendant played in the conspiracy;

3. Time, date, and location of each and every overt act allegedly committed by Defendant in furtherance of conspiracy;

4. Identity of any co-conspirator;

5. Any and all other information the Court deems necessary to provide sufficient information.

The government opposes Defendants' motions, arguing that the charges against the Defendants as set forth in the indictment, as well as the discovery already provided, are specific enough to protect their double jeopardy rights, and that the indictment informs the Defendants of the nature of the charges against them with sufficient precision to prepare for trial.

Federal Rule of Criminal Procedure 7(f) states that "[t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such condition as justice requires."

Fed.R.Crim.P. 7(f) further states "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtained detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). The granting of a bill of particulars is within the Court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute*, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

## A.    Information Regarding Overt Acts

Defendants first seek information regarding the dates, times, and locations of any overt acts committed in furtherance of the conspiracy. "[A] defendant is not entitled to discover all the overt

acts that might be proven at trial." Salisbury, 983 F.2d 1375. Accordingly, the Court finds that the Defendants are not entitled to a bill of particulars regarding the alleged overt acts of the conspiracy.

**B.      Witnesses and Co-Conspirators**

Defendants next seek the identities of witnesses to the alleged overt acts, the identity of any government witnesses, and the identity of any co-conspirators with whom the Defendants are alleged to have acted in concert with or interacted with. The Sixth Circuit has held that "the Government is not required to furnish the name of all other con-conspirators in a bill of particulars." United States v. Crayton, 357 F.3d 560, 568 (6th Cir.) *cert. denied*, 542 U.S. 910 (2004). Furthermore, "a defendant is not entitled to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.) *cert. denied*, 510 U.S. 903 (1993). Accordingly, the government is not required to produce the names of any unindicted co-conspirators or other witnesses present when the Defendants participated in the overt acts of the conspiracy.

**C.      Dates and Role of Defendants' Involvement in Conspiracy**

Defendants seek information regarding when they are alleged to have entered into the conspiracy, how long they remained in the conspiracy, and when they left the conspiracy. The Second Superceding Indictment [Doc. 172] alleged that the Defendants engaged in the subject conspiracy "beginning on or about 1995, and continuing up to and including July 16, 2006."

The Sixth Circuit has approved the provision of the dates that a defendant is alleged to have conspired. See e.g., United States v. Rey, 932 F.2d 1217, 1222 (6th Cir. 1991) (observing that the defendant knew the relevant dates in holding that he was not entitled to know the names of co-conspirators); United States v. Fears, 450 F. Supp. 249, 251 (E.D. Tenn. 1978) (directing, without further analysis, the government to file a bill of particulars giving the date and approximate hour the

defendant allegedly made the telephone call charged in the indictment). On the other hand, the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense." United States v. Hayes, No. 88-5967, 1989 WL 105938, at * 3 (6th Cir. Sept. 14, 1989), cert. denied, 493 U.S. 1030 (1990).

Given the length and breadth of the alleged scope of the conspiracy and the matters set forth above, the Court finds that Court One of the Second Superseding Indictment is not sufficiently specific to inform the various Defendants of the charges against them, to protect them from double jeopardy, and to enable them to prepare for trial. See United States v. Carter, 124 F.3d 200, 1997 WL 528465 (6th Cir. Aug. 26, 1997).

The Court finds a bill of particulars is appropriate in this case as to the dates and roles involved in the conspiracy in light of certain key facts. The charged conspiracy is alleged to have occurred over a decade (1995 to 2006)[1]. Further, most of the Defendants are residents of Tucson, Arizona. Moreover, certain key actions by the government, including searches of Defendants' residences and traffic stops resulting in searches of their vehicles, occurred in Arizona or in states outside of the Eastern District of Tennessee. Finally, Defendants allege the relationship between the named Defendants is tenuous and their respective participation (including their whereabouts at

---

[1]During oral argument, Attorney Burroughs noted his client was only 13 years old when the alleged conspiracy began in 1995 and proffered that perhaps if his client was involved in the alleged conspiracy from the beginning, this case should be heard in juvenile court.

relevant times and relevant actions) and alleged roles in conspiracy appears to be different and unique.

With little evidence before the Court of ties to the Eastern District of Tennessee and to minimize Defendants' surprise in preparing for trial, the government shall provide the following information to the Defendants:

> who the government alleges supplied, delivered, and sold the drugs in question, the respective time period of each Defendants' involvement in the conspiracy, and the location of their participation, and how their involvement in the conspiracy is alleged to have involved the Eastern District of Tennessee.

However, the Court reiterates the government is not required to provide a detailed disclosure of their evidence or witnesses to Defendants in providing the above information. Accordingly, Defendants' Motions for a Bill of Particulars **[Docs. 78, 79, 83, and 91]** are **GRANTED IN PART** and **DENIED IN PART** as outlined above.

### 8. MOTION FOR A HEARING ON THE EXISTENCE OF A CONSPIRACY [Docs. 128 & 108]

Defendant Willyard [Doc. 108] and Defendant Nommenson [Doc. 128], adopted by Defendant Sugameli [Doc. 156], move the Court, pursuant to the Fifth and Sixth Amendments to the federal constitution, <u>Bourjaily v. United States</u>, 483 U.S. 171, 180 (1987); <u>United States v. James</u>, 590 F.2d 575 (5th Cir.), <u>cert. denied</u>, 442 U.S. 917 (1979); and <u>United States v. Vinson</u>, 606 F.2d 149, 152-53 (6th Cir. 1979), for an Order granting a pretrial hearing to determine whether or not the government may satisfy its burden of proof on the existence of a conspiracy before any co-conspirator statements may be admitted in the government's case-in-chief at trial.

The government responds [Docs. 141 and 145], first noting that before it can take advantage of the co-conspirator exception of the hearsay rule, it must show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the hearsay is offered was a member of

the conspiracy and that the hearsay statement was made in the course and in the furtherance of the conspiracy. <u>Vinson</u>, 606 F.2d at 152. It furthermore notes that the Sixth Circuit has outlined three alternative methods by which the district court can make a determination as to the admissibility of hearsay statements under the coconspirator exception to the hearsay rule: (1) conduct a pretrial mini-hearing outside the presence of the jury and listen to the proof of the conspiracy, (2) require the government to produce non-hearsay evidence during the course of trial before making the necessary finding, and (3) admit the hearsay statements subject to a later demonstration of their admissibility. <u>Vinson</u>, 606 F.2d at 152-53.

The government contends that while the Sixth Circuit has criticized the first alternative as burdensome, time consuming and uneconomic, the more practical approach and the one customarily adopted by this district has been to permit the government to present the hearsay statements subject to a later demonstration of their admissibility by a preponderance of the evidence. It also maintains that by avoiding a pretrial hearing, the defendants will be preempted from circumventing the rules of pretrial discovery and will not be allowed to ascertain the minutiae of the government's evidence contrary to the intent of Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act. Under Federal Rules of Evidence Rule 801(d)(2)(E), "a statement is not hearsay if ...[t]he statement is offered against a party and is...a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." To be admissible under Rule 801(d)(2), the party offering a co-coconspirator statement must show by a preponderance of the evidence that: (1) the conspiracy existed, (2) the defendant was a member of the conspiracy, and (3) the co-conspirator's statements were made in furtherance of the conspiracy. <u>See</u> <u>United States v. Lora</u>, 210 F.3d 373, 2000 WL 353742, **3 (May 29, 2000 6th Cir.) (unpublished opinion)(citing, <u>United States v. Wilson</u>, 168 F.3d 916, 920 (6th Cir. 1999). This three-part test is often referred to as an "<u>Enright</u> finding." <u>See</u>

United States v. Enright, 579 F.2d 980 (6th Cir. 1978). Whether the offering party has made the showing is a question of fact for the court to decide. Fed. R. Evid. 104(a); United States v. Maliszewski, 161 F.3d 992, 1007 (6th Cir. 1998), *cert. denied*, Villareal v. United States, 119 S.Ct. 1126 (1999).

While the Sixth Circuit has approved three potential procedures for resolving this issue: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the co-conspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement, Vinson, 606 F.2d at 152-53, the Court notes that it is the general practice in this district to use the third of these options. In any event, the Defendants' motions [Docs. 108 and 128] relates directly to trial procedures and/or the admissibility of evidence at trial and will be addressed by the trial judge, District Judge Thomas W. Phillips. Accordingly, the undersigned **DENIES** Defendants' motions **[Docs. 108 and 128]**, to the extent they seek a pretrial hearing at this time. District Judge Phillips will decide whether he desires to choose an option besides the third option before or during trial, as he deems appropriate.

### 9. MOTION IN LIMINE FOR LIMITING INSTRUCTION AND REDACTION [Doc. 112]

Defendant Willyard moves [Doc. 112] the Court, for an Order should the government intend to offer any non-testifying co-defendant's confession at trial, that it be admitted with a proper limiting instruction and that any statements admitted are redacted to omit any direct or indirect reference to Defendant Willyard.

The government response [Doc. 145], that in the event the United States offers any non-testifying co-defendants' confessions or statements at trial, it will ask the Court for a proper limiting instruction and/or provide redactions.

At the motion hearing on October 15, the parties agreed, if and when, a limiting instruction and redaction became an issue, the matter will be taken up with the District Court. Accordingly, Accordingly, the undersigned **DENIES** Defendant's motion [**Doc. 112**], to the extent he seeks a limiting instruction at this time. District Judge Phillips will decide the limiting instruction and redaction of co-defendants' statements, as he deems appropriate.

### 10. MOTION TO STRIKE ALIAS AND PRECLUDE READING OF THE INDICTMENT [Doc. 120]

Defendant Willyard moves to strike the alias "Rocky" from the indictment and preclude its use at the trial of this matter [Doc. 120]. Defendant Willyard further moves to preclude the government from reading the Indictment to the jury, even if the alias is stricken [Doc. 120].

The government responds [Doc. 145] Willyard's alias is relevant because co-conspirators describe Defendant Willyard's nickname as Rocky.

Rule 7(d), Fed. R. Crim. P., states that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Whether surplusage will be stricken under Rule 7(d) is a matter within the court's sound discretion. United States v. Kemper, 503 F.2d 327, 329 (6th Cir. 1974) (concerning the striking of the nature of the defendant's prior felony), cert. denied, 419 U.S. 1124 (1975). The Sixth Circuit "strongly disapprove[s] the practice of including aliases in the indictments. . . . Only when proof of an alias is relevant to identifying the defendant should a court allow its inclusion in the indictment and its subsequent introduction at trial." United States v. Wilkerson, 456 F.2d 57, 59 (6th Cir. 1972) (per curiam). Use of an alias in the indictment and at trial "'is permissible if it is necessary to connect the defendants with the acts charged.'" United States v. Emuegbunam, 268 F.3d 377, 394 (6th Cir. 2001) (quoting United States v. Hines, 955 F.2d 1449, 1454 (11th Cir. 1992)); see also United States v. Reyes, 2002 WL 31269661, at *5 (6th Cir. Oct. 9, 2002) (holding that the use of the alias Cemetario was required because the defendant "used

it while committing the crimes at issue, and because the majority of the witnesses knew him by that name").

In the present case, the government has not established that used of Defendant's alias is necessary to identify the Defendant properly and to connect him to the alleged conspiracy. The government's proffer was merely that coconspirators describe Defendant's nickname as Rocky is not sufficient to show that coconspirators only interacted with Defendant as Rocky. The government has not shown that Defendant used his alias while allegedly committing the present crimes nor has the government shown that the coconspirators statements only identify Defendant as Rocky. On the contrary, the government's response states that "the evidence will show that defendant's coconspirators as listed in discovery and court filings identify defendant Willyard as a transporter of multiple-pound quantities of marijuana from the Tucson, Arizona, area to coconspirator, James Michael West." [Doc. 145]. This Court finds that the government's proffer does not satisfy the Sixth Circuit's test for including aliases in the indictment and their subsequent introduction at trial. However, this Court does not find case law to support Defendant's request to preclude reading the indictment to the jury. At the motion hearing, Attorney Vogel informed there is no case law to support the argument that reading the indictment to the jury is prejudicial. Accordingly, Defendant's Motion to Strike Alias and Preclude Reading of Indictment **[Doc. 120]** is **GRANTED IN PART as to striking the alias AND DENIED IN PART as to reading the Indictment.**

## II.    CONCLUSION

For the foregoing reasons as outlined above, it is **ORDERED:**

> (1) Defendant Sugameli's Motion for Leave to File Motion for Notice of Government's Intention to Use Evidence **[Doc. 152]** is **GRANTED**;

(2) Defendant Sugameli's Motion for Leave to File Additional Motions **[Doc. 156]** is **GRANTED**;

(3) Defendant Ramirez's Motion to Adopt Co-Defendant's Motions **[Doc. 98]** is **GRANTED**;

(4) Defendant Sugameli's Motion to Adopt Co-Defendants' Motions **[Docs. 103 and 156]** is **GRANTED**;

(5) Defendant Willyard's Motion to Adopt Co-Defendants' Motions **[Doc. 106]** is **GRANTED**;

(6) Defendant Nommenson's Motion for Rule 10(b) Waiver of Appearance **[Doc. 82]** is **DENIED AS MOOT**;

(7) Defendant Nommenson's Request for Exculpatory Evidence **[Doc. 127]** is **DENIED AS MOOT**;

(8) Defendant Willyard's Request for Disclosure of Exculpatory Evidence **[Doc. 94]** is **DENIED**;

(9) Defendant Willyard's Motion for Notice and Disclosure of Rule 404(b) Evidence is **[Doc. 45]** is **DENIED**;

(10) Defendants Nommenson [Doc. 49] and Sugameli **[Doc. 152]** Motion for Pretrial Notice of Government's Intent to Use Evidence are **DENIED**;

(11) Defendants Ramirez **[Doc. 99]**, Sugameli **[Doc. 104]** and Willyard **[Doc. 92]** Motions to Sever are **DENIED**;

(12) Defendant Nommenson's Motion for Disclosure of Material Witnesses **[Doc. 46]** is **DENIED AS MOOT**;

(13) Defendant Willyard's First Demand for Supplemental Discovery **[Doc. 81]** is **DENIED**;

(14) Defendant Willyard's Motion to Compel Discovery of Related Indictments and Warrants **[Doc. 95]** is **DENIED AS MOOT**;

(15) Defendant Willyard' Motion for Disclosure of Grand Jury Transcripts **[Doc. 110]** is **DENIED**;

(16) Defendant Willyard's Demand for Disclosure of Expert Witness Testimony **[Doc. 117**] is **DENIED**;

(17) Defendant Willyard's Motion for an Order to Compel with Discovery Requests **[Doc. 118]** is **DENIED**;

(18) Defendant's Motion for Leave to File Motion for Bill of Particulars **[Doc. 90]** is **GRANTED**;

(19) Defendants' Motions for Bill of Particulars **[Docs. 78, 79, 83 and 91]** are **GRANTED IN PART AND DENIED IN PART**;

(20) Defendants Willyard **[Doc. 108]** and Sugameli **[Doc. 128]** Motions for a Hearing on the Existence of a Conspiracy are **DENIED**;

(21) Defendant Willyard's Motion in Limine for a Limiting Instruction and Redaction **[Doc. 112]** is **DENIED**; and

(22) Defendant Willyard's Motion to Strike Alias and Preclude Reading of the Indictment [**Doc. 120**] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

        **ENTER:**


        <u>    s/ C. Clifford Shirley, Jr.    </u>
        United States Magistrate Judge