IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 3:07-CR-44 |
| V. ) | (PHILLIPS/SHIRLEY) |
| ) | |
| ALFRED ALLEN ARREOLA, ) | |
| LUKE A. MCLAUGHLIN, ) | |
| MATTHEW DAVID SUGAMELI, ) | |
| SCOTT EDWARD WILLYARD ) | |
| ) | |
| Defendants. ) | |

## ORDER CONCERNING EXCESS AND INTERIM PAYMENTS

Because of the number and unusual nature of the legal issues raised by Defendants and the nature and seriousness of the charges of which Defendants have been charged, the Court has determined that this case meets the definition of "complex" and "extended." Thus, payment in excess of the usual $7,000 limit is necessary to provide fair compensation to counsel. The following procedures for approval of any excess payment shall apply to counsel's representation in this case:

### (1) Submission of Voucher

Counsel is to submit a voucher supported by a detailed and itemized statement of time and expenses. Chapter II, Part C of the *Guidelines for the Administration of the Criminal Justice Act* outlines the procedures and rules for claims by CJA attorneys and should be followed regarding the voucher. The Court will review the voucher when submitted, particularly with regard to the amount of time claimed, and will authorize compensation as well as payment all reimbursable

1

expenses reasonably incurred. The approved voucher will then be forwarded to the chief judge of the Sixth Circuit or his designee for review and approval. Following approval by the Sixth Circuit, the voucher will be submitted for payment.

## (2) Reimbursable Expenses

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $300 without prior approval of the court. Such approval may be sought by filing an *ex parte* application with the Clerk stating the nature of the expense, the estimated dollar cost and the reason the expense is necessary to the representation. Upon finding that the expense is reasonable, the Court will authorize counsel to incur it. Recurring expenses, such as telephone toll calls, photocopying and photographs, which aggregate more than $300 on the voucher, are not considered single expenses requiring court approval.

With respect to travel outside of the city/county where counsel's practice is located for the purpose of consulting with the client or his or her former counsel, interviewing witnesses, etc., the $300 rule should be applied in the following manner: Travel expenses, such as air fare, mileage, parking fees, meals and lodging, can be claimed as itemized expenses. Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $300, the travel should receive prior approval of the court.

The following additional guidelines may be helpful to counsel:

(a) Case-related travel by privately owned automobile should be claimed at the government mileage rate per mile, plus parking fees,

*of the Criminal Justice Act*, published by the Administrative Office of the U.S. Courts, also available through the clerk. Counsel is also encouraged to consult the Court's website at www.tned.uscourts.gov. Should these references fail to provide the desired clarification or direction, counsel should address their inquiry directly to me or my staff.

**IT IS SO ORDERED.**

**ENTER:**

Date: _____  *Thomas H. Phillips*
UNITED STATES DISTRICT JUDGE

Approved: 1-22-08  _____
CHIEF JUDGE OR DESIGNEE,
UNITED STATES COURT OF APPEALS FOR THE
SIXTH CIRCUIT