IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-44 |
| | ) | (Phillips / Shirley) |
| | ) | |
| MATTHEW DAVID SUGAMELI, and | ) | |
| SCOTT EDWARD WILLYARD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on March 6, 2008 via a telephone conference call for consideration of Defendant Scott Edward Willyard's Motion to Continue Trial [Doc. 249], filed February 29, 2008. Assistant United States Attorney Hugh B. Ward, Jr. ("AUSA Ward") participated on behalf of the government. Attorney Charles C. Burks, Jr. ("Attorney Burks") participated on behalf of Defendant Matthew David Sugameli. Attorney Robert Vogel ("Attorney Vogel") participated on behalf of Defendant Scott Edward Willyard.

In support of his client's motion, Attorney Vogel stated a continuance of the March 24, 2008 trial date is necessary since the government has not yet completed its evaluation of Defendant Willyard. Attorney Vogel further stated that Defendant Willyard has been at the government facility for almost two months and his own expert has not had an opportunity to examine him, prepare a report, or review the government's report. Furthermore, Attorney Vogel stated Defendant Willyard

has two motions pending before this Court, which have yet to be heard in light of Defendant's absence from the Eastern District of Tennessee. Attorney Vogel expressed that a continuance is in Defendant Willyard's best interest and confirmed that he has discussed this matter with his client and he agrees a continuance is necessary. Attorney Burks did not object on his client's behalf to Defendant Willyard's motion. The government agreed that a continuance of the trial was necessary. AUSA Ward stated a continuance does not present a Speedy Trial Act issue as the time from the date of the filing of this motion, February 29 2008, and the date of the new trial is excludable under the Speedy Trial Act in light of Defendant Willyard's pending motions.

The Court considered the arguments of counsel in light of the factors set forth in the Speedy Trial Act, 18 U.S.C. § 3161. The Court finds that the request for a continuance of the March 24, 2008 trial date is well-taken and that the ends of justice served by granting the motion outweigh the best interest of the public and Defendants in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court finds a continuance is necessary to allow for the transportation of Defendant Willyard from Springfield, Missouri to the Eastern District of Tennessee in order to proceed to trial. See 18 U.S.C. § 3161(h)(1)(H). The Court further finds a continuance is necessary in order for Defendant Willyard's expert to further evaluate him, prepare a report, and review the report prepared by the government in preparation for trial. See 18 U.S.C. § 3161(h)(1)(A).

Furthermore, given the approaching March 24, 2008 trial date, the Court finds that the failure to grant a continuance would deprive Defendant Willyard of the time to pursue his pretrial motions, which have yet to be heard by the Court since he has been absent from the jurisdiction. See 18 U.S.C. § 3161(h)(1)(F). This Court will hold a motion hearing on Defendant's two pending motions [Docs. 93 and 113] on April 1, 2008 at 1:00 p.m. The Court will then need time, not to exceed thirty

days, to prepare a Report and Recommendation to the District Court. See 18 U.S.C. § 3161(h)(1)(J). After such ruling, either party will have ten days to register an objection with the District Court. Should objections be made, the District Court will require a meaningful period of time to review the record and the issues presented. Finally, the parties will need time to prepare for trial in light of the rulings. The Court finds that all of this could not be accomplished before the trial date of March 24, 2008 or in less than six months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, Defendant Willyard's Motion to Continue Trial [Doc. 249] is **GRANTED** and the parties have agreed on a new trial date of **August 13, 2008.** Furthermore, the Court finds that the time between the date of the filing of the motion, February 29, 2008, and the new trial date of **August 13, 2008** is properly excludable from the operation of the Speedy Trial Act and that the return of Defendant Willyard to the jurisdiction from his government evaluation and the need for resolution of the pretrial motions outweigh the interests of Defendants and the public in a speedy trial.

Accordingly, it is **ORDERED**:

> (1) Defendant Willyard's Motion to Continue Trial **[Doc. 249]** is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **August 13, 2008**, **at 9:00 a.m.**, before the Honorable Thomas Phillips, United States District Judge;
>
> (3) All the time between the filing of the pretrial motion on **February 29, 2008**, hearing and the new trial date of **August 13, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

3

(4) A Motion Hearing will be held on Defendant Willyard's Motion to Dismiss for Lack of Venue and Jurisdiction [Doc. 93] and Motion to Suppress Statements [Doc. 113] on **April 1, 2008 at 1:00 p.m.** before the Honorable C. Clifford Shirley, Jr., United States Magistrate Judge.

**IT IS SO ORDERED**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge